IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF PUERTO RICO

| | |
|---|---|
| ISRAEL BENÍTEZ GARCÍA, et al.<br><br>Plaintiffs<br><br>Vs.<br><br>ADALBERTO GONZÁLEZ VEGA, et al.<br><br>Defendants | CASE NUM.  04-1955 (JP) |

OBJECTION TO MOTION FOR SANCTIONS
AND REQUESTING DISCOVERY ORDER

TO THE HONORABLE COURT:

Come now the codefendants Commonwealth of Puerto Rico and Department of Education and respectfully state and pray:

1.  On October 5, 2005, plaintiffs filed several motions regarding discovery matters that contain numberless distortions of the facts and that are plagued with injurious and libelous attacks against the undersigned. Moreover, plaintiffs deceitfully claim to have conferred with defendants regarding a discovery dispute when no such meeting has taken place.

2.  Plaintiffs' main contention is that they have unsuccessfully tried to confer with the undersigned.  As is crystal clear from the very text of plaintiffs' motion, plaintiffs instead of coordinating a proper meeting to discuss the discovery dispute as required by Local Rule 26, they have

insisted in holding said meeting right at the very beginning of plaintiffs' depositions, thereby disturbing and interrupting the procedures.[1] Accordingly, codefendants have persistently declined plaintiffs' improper and upsetting attempt. See exhibit 1. Therefore, plaintiffs have failed to comply with Local Rule 26 (b) before filing this motion and hence, it must be stricken from the record.

3.    Plaintiffs also claim that they have tried to depose codefendants' witnesses in several occasions to no avail because the undersigned is employing dilatory tactics in this regard.  Time and again codefendants have been reminding plaintiffs' counsel that the depositions of codefendants' witnesses were scheduled for July 5 and 8, 2005; see docket number 78, page number 9; and that plaintiffs unilaterally cancelled the same, allegedly because they have not received the answers to the request for production of documents that they had sent just a few days before on June 28, 2005. Plaintiffs themselves informed the Court of their decision to which the Court stated that it was "disturbed that changes to the depositions have been made, and warns the parties that these changes were made to their peril, since the

---

[1]  Indeed, on August 8, 2005, at the beginning of the proceedings of the failed deposition of co-plaintiff Lesly Ann González, who did not show up, to our utmost surprise plaintiff's counsel suddenly began asking about the production of documents.  Later on, he dishonestly stated to the Court that he had met with defendants' counsel in compliance with Local Rule 26.

Court will not entertain any problems with deviances from the ISC Order."
See docket number 56 and exhibit number 2.

4.  As to plaintiffs' latest attempt to depose codefendants' witnesses
on September 27, 2005, codefendants timely informed plaintiffs' counsel
that since these witnesses are not parties to the case they need to be advised
of these depositions with more than just a few days in advance so that they
can make the necessary arrangements at work.  Furthermore, we reminded
plaintiffs' counsel that given that all three witnesses work in the same
school, scheduling all three depositions for the same day would cause a
disruption in the administration of the workplace that is unwarranted and
that could be avoided with sound planning.   See exhibit 2 and 3.   Also, we
have informed plaintiffs that they need to coordinate these depositions with
codefendants' counsel considering the heavy workload of the undersigned. [2]

5.  On paragraph 24 of plaintiffs' second motion for discovery order,
docket number 79, plaintiffs' counsel asserts that he has tried to resolve this
dispute by means of telephone calls but that the undersigned is always
unavailable.  However, we have not received any message left by plaintiffs'
counsel regarding this matter.

---

[2]  Contrary to plaintiffs' counsel assertions, there are not fifteen (15) attorneys working at the
Federal Litigation Division of the Department of Justice.  This is nothing short of a bad guess of
plaintiffs' counsel.  There are just nine attorneys working in the Division at this moment.

6.    As to the objections to plaintiffs' request for production of documents, plaintiffs' requests number 1 to four are confusing and unintelligible requests inasmuch as they are drafted as if codefendants were the plaintiffs.  For instance, request for production of documents number 1 requests "all written or recorded statements that you, your agents, investigators, experts or attorneys may have from any other witness to any of the facts alleged in *your complaint*." (emphasis added)  Evidently, as the Court may notice, codefendants cannot produce any document that refers to a complaint filed by them against plaintiffs.   This request as well as the others is simply nonsense.   All of them are addressed as if codefendants were the plaintiffs.  See request for production of documents 2, 3 and 4.

7.   Lastly, we would like to clarify that contrary to plaintiffs' counsel assertions on paragraph 16, docket number 79, we have neither ordered him to refrain from communicating with our immediate supervisors nor have attempted to prolong unreasonably the discovery by instructing him so.  On the contrary, we advised plaintiffs' counsel to address all communications to the undersigned, as we are the leading counsel of this case, instead of trying

to schedule meetings to discuss a settlement with our supervisors in our absence as he intended to do. See exhibit 4.[3]

Wherefore, codefendants request that plaintiffs' motion for a discovery order and sanctions be denied for its lack of compliance with Local Rule 26 and that plaintiffs' certificate of good faith efforts be stricken from the record.

Respectfully submitted.

I hereby certify that on this same date I have electronically filed copy of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: *Miguel A. Maza Pérez*, Esq., *Carlos Rodríguez García*, Esq., *Michelle Rodríguez Miranda*, Esq. and *Ludwig Ortiz Belaval*, Esq.

**ROBERTO J. SÁNCHEZ RAMOS**
Secretary of Justice

**ARLENE GARDÓN RIVERA**
Deputy Secretary of Justice for Litigation

**JO-ANN ESTADES BOYER**
Director Federal Litigation Division

S/ *Yadhira Ramírez Toro*
**YADHIRA RAMÍREZ TORO**
USDC-PR No. 217208
Federal Litigation Division
Department of Justice
P.O. Box 9020192

---

[3] Codefendants want to inform the Court that plaintiffs have been filing these motions in spite of the fact that they know that the undersigned in taking her annual leave now in October. See exhibit number 1. Furthermore, plaintiffs were advised of this since the Initial Scheduling Conference held on June 16, 2005 and therefore, no depositions were scheduled for this month.

San Juan, P.R. 00902-0192
Tel. (787) 721-5636
Fax (787) 723-9188
yaelrivka@yahoo.com