IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ISRAEL BENÍTEZ GARCÍA, et al.<br><br>Plaintiffs<br><br>Vs.<br><br>ADALBERTO GONZÁLEZ VEGA, et al.<br><br>Defendants | CASE NUM.   04-1955 (JP) |

<u>OPPOSITION TO PLAINTIFFS' EMERGENCY REQUEST FOR
PROTECTIVE ORDER</u>

TO THE HONORABLE COURT:

Come now codefendants Commonwealth of Puerto Rico and Department of Education and very respectfully state and pray:

1. On November 3, 2005, plaintiffs filed a motion requesting a protective order allegedly because codefendant "Department of Education is attempting to render the authority of the Court moot by holding an administrative hearing in which the Defendants in the case have summoned the Plaintiffs to testify against the Co-Defendant Adalberto González Vega." Plaintiffs' contention is the product of a gross misunderstanding of the "Comisión de Relaciones del Trabajo el Servicio Público," (hereinafter the "Comisión") and its administrative procedures.

2. The "Comisión de Relaciones del Trabajo el Servicio Público," is a forum created by Act no. 45 of February 25, 1998, for the unionized employee to appeal adverse decisions that the employer has taken against him or her. The "Comisión" holds hearing preceded by an arbitrator who renders his decision confirming or reversing the employer's action. Thus, this administrative procedure is an essential element of the due process to which the employee – in this case González-Vega – is entitled.

3. Clearly, the objectives sought by the administrative hearings and the ones sought by plaintiffs in this case, are completely independent. Therefore, in no sense is this administrative proceeding "a subversive avenue to render the Court's jurisdiction moot," docket number 93, paragraph 14, as plaintiffs are erroneously claiming, since the Court cannot grant codefendant González the remedy he is seeking through the administrative hearing, namely his reinstatement in his employment. Indeed, plaintiffs should be interested in testifying in these hearings, inasmuch as they were the ones who originally sought the dismissal of codefendant González. Otherwise, should plaintiffs fail to appear, codefendant González will be reinstated in his job.

4. Contrary to plaintiffs' assertions, it is not the codefendant Department of Education the one who is conducting an allegedly

"oppressive process." See docket number 93, paragraph 14. The "Comisión" is an independent body from the Department of Education upon which the Department has no authority whatsoever. In fact, the "Comisión" itself issued the summons to plaintiffs,[1] not the Department of Education, and codefendant González is the movant before the "Comisión." By the way, the "Comisión" is not a party in this case.

5. Conversely to plaintiffs' counsel assertions, the information we have obtained so far from the plaintiffs we have already deposed is that <u>none</u> of them are undergoing psychiatric or psychological treatment as a result of the alleged sexually tainted behaviour of codefendant González-Vega. In fact, none of the plaintiffs we have deposed who have also been summoned by the "Comisión" (i.e. Marie Ann González, Lesly Ann Mendoza, and Kryst M. Jiménez) have stated in their respective depositions acts of sexual harassment as alleged in the complaint. Furthermore, as it appears from the exhibits attached by plaintiffs, five (5) of the students summoned by the "Comisión" are males. Since the complaint does not state any allegation of same-sex harassment, all plaintiffs' contentions to obtain a protective order are unavailing to the male students.

---

[1] From our examination of the summons that plaintiffs attached as exhibits to their motion, at least one of the summons is addressed to someone who is not a plaintiff in the case, to wit, Yamary Donato Donato.

6. Plaintiffs claim that being exposed to depositions, a hearing before the "Comisión" and finally the trial is an oppressive conduct that causes unnecessary annoyance to them. Apparently, plaintiffs cannot decide whether to be firemen or pyromaniacs. Plaintiffs were the ones who initiated this lawsuit; they were the ones who sought a protective order against codefendant González; because of their insistence the Department of Education summarily dismissed codefendant González from his job. Now, they claim that they do not want to appear neither to depositions, nor the trial, nor a hearing to which codefendant González has an inherent right recognized by the Due Process Clause of the Constitution of the United States. If this is the situation, plaintiffs should voluntarily dismiss this case.

7. Finally, plaintiffs claim that their request for protective order is filed pursuant to Federal Rule of Civil Procedure 26 (c). However, Rule 26 (c) deals with matters related to discovery and the administrative hearing ordered by the "Comisión" is not within the scope of the discovery in this case. At any rate, plaintiffs did not comply with the requirement of the Rule because they did not in good faith confer or attempt to confer with the affected parties in an effort to solve the dispute without court action.

8. Likewise, we cannot understand plaintiffs' fear that this hearing will allow codefendants additional opportunities to discover evidence. Indeed, pursuant to the Federal Rules of Civil Procedure plaintiffs have an obligation to discover all the substantive evidence to support their case. If they happen to be hiding the same, then they will be hindered from using it.

9. Similarly, plaintiffs' attorney-client privilege will not be disturbed by their testimony in this hearing. In this sense, plaintiffs must be reminded that the attorney-client privilege is a privilege of the client and he/she is the one entitled to claim it or waive it.

Wherefore, appearing codefendants request that the Court deny plaintiffs' emergency request for a protective order to enjoin the Comisión de Relaciones del Trabajo from conducting the hearing set for tomorrow November 8, 2005 and from summoning plaintiffs to testify at the same.

In San Juan, Puerto Rico this 7th day of November 2005.

I hereby certify that on this same date I have filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing with the following attorneys: *Miguel A. Maza Pérez,* Esq., *Michelle Rodríguez Miranda*, Esq., and *Carlos Rodríguez García*, Esq.

                                             ROBERTO J. SÁNCHEZ RAMOS
                                             Acting Secretary of Justice

ARLENE GARDÓN RIVERA
Acting Deputy Secretary of Justice for
Litigation


JO-ANN ESTADES BOYER
Director Federal Litigation Division



S/ *Yadhira Ramírez Toro*
**YADHIRA RAMÍREZ TORO**
USDC-PR NO. 217208
Attorney for defendants
Federal Litigation Division
Department of Justice
P.O. Box 9020192
San Juan, PR  00902-0192
Tel. 787-721-5636
Fax 787-723-9188
yaelrivka@yahoo.com