IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ISRAEL BENITEZ GARCIA, et al.,    *
                                    *
     Plaintiffs,           *
                                      *
vs.                          *      CIVIL NO. 04-1955 (JP)
                                    *
ADALBERTO GONZALEZ VEGA, et al.,   *
                                    *
     Defendants            *
                                    *

## OPINION AND ORDER

The Court has before it Defendants' "Motion Requesting Sanctions Against Plaintiffs for Lack of Compliance with the ISC Order" (**No. 92**), in which Defendants in this action request that the Court dismiss Plaintiffs' complaint for multiple failures to comply with the Court's orders.  The motion is unopposed.  For the reasons stated below, the Court hereby **GRANTS** Defendants' motion and **DISMISSES** the complaint **WITH PREJUDICE.**

On August 24, 2005, the Court entered an Initial Scheduling Conference Order, by which it issued several orders regarding discovery, (No. 78), including the following orders:

> Plaintiffs **SHALL** provide to Defendants the name of the person in charge of the investigation or the previous complaints filed against co-Defendant Vega, which were attended to in the Fajardo precinct or area, on or before **July 8, 2005.**

> Plaintiffs' expert **SHALL** tender his report pursuant to Fed. R. Civ. P. 26 on or before **July 26, 2005.**

> ....

> Plaintiffs **SHALL** provide Defendants with their client's signed consent forms under HIPA and

CIVIL NO. 04-1955 (JP)              2

          Plaintiffs' Medical records on or before **August 17, 2005**.

(No. 78).  The Plaintiffs failed to comply with all three of these orders (No. 92), and never showed good cause for noncompliance.

     This Circuit has long recognized that it is within a district judge's sound discretion to dismiss a case for failure to comply with discovery orders or for lack of prosecution.  See, e.g. Young v. Gordon, 330 F.3d 76 (1st Cir. 2003), John's Insulation Inc. v. Addison & Assocs., Inc., 156 F.3d 101, 107-10 (1st Cir. 1998); Damiani v. Rhode Island Hosp., 704 F.2d 12, 17 (1st Cir. 1983).

     Rule 16(f) of the Federal Rules of Civil Procedure provides that

          if the party or party's attorney fails to obey a
          scheduling or pretrial order . . . the Judge, upon
          motion or of his or her own initiative, may issue
          such orders with regard thereto as are just, and
          among others, any of the orders provided in Rule
          37(b)(2)(B),(C),(D) of the Federal Rules of Civil
          Procedure.  Fed. R. Civ. P 16(f).  See also, U.S.
          for the Use & Benefit of OHM Remediation Servs.
          Corp. v. Management and Bus. Assocs. Inc., 173
          F.R.D. 343, 345 (D.P.R. 1997) (Pieras, J.).

Moreover, this Circuit has recognized that failure of a plaintiff to prosecute or comply with any court order is grounds for dismissal with prejudice.  See, Abdullah v. Acands, Inc., 30 F.3d 264 (1st Cir. 1994); see, Kuehl v. F.D.I.C., 8 F.3d 905 (1st Cir. 1993), cert. denied, 511 U.S. 1034, 114 S. Ct. 1545, 128 L. Ed. 2d 196 (1994) (affirming dismissal with prejudice where magistrate alerted plaintiffs to deficiencies in complaint, but plaintiffs failed to remedy them); Fed. R. Civ. P. 41(b).  However, since it is a harsh sanction, dismissal with prejudice "should be employed only when a

CIVIL NO. 04-1955 (JP)                3

plaintiff's misconduct has been extreme." <u>Figueroa Ruiz v. Alegría</u>, 896 F.2d 645, 647 (1st Cir. 1990) (affirming district court's dismissal of an action with prejudice where plaintiffs filed a deficient complaint, failed to respond to motions to dismiss, and failed to comply with a court order calling for explication of factual underpinnings of complaint); <u>see also</u> <u>Richman v. General Motors Corp.</u>, 437 F.2d 196, 199 (1st Cir. 1971). Disobedience of court orders can in and of itself be extreme misconduct warranting the sanction of dismissal with prejudice. <u>Tower Venture Inc. V. City of Westfield</u>, 296 F.3d 43, 46 (1st Cir. 1987).

     The Court finds that this is a case of extreme misconduct that warrants the sanction of dismissal with prejudice. The Plaintiffs overtly violated orders issued by the Court which directed the Plaintiffs to produce documents pertinent to the key issues of liability and damages. The First Circuit has specifically stated that "a lawyer's first obligation is to make every effort to comply with the court's order. The second is to seek consent if compliance is, in fact, impossible. And the third is to seek approval for noncompliance based on a truly valid reason." <u>Damiani</u>, 704 F.2d at 17. Plaintiffs, through their attorneys, did none of these things. The Court finds the Plaintiffs' failure to comply with the Order inexcusable and a waste of the Court's valuable time and ability to effectively manage this case.

     Accordingly, pursuant to Fed. R. Civ. P. 37(b)(2) and 41(b), the

CIVIL NO. 04-1955 (JP)                4


Court **GRANTS** the Defendants' "Motion Requesting Sanctions Against Plaintiffs for lack of Compliance with the ISC Order" and **DISMISSES** the complaint **WITH PREJUDICE.**

     **IT IS SO ORDERED.**

     In San Juan, Puerto Rico, this 16th day of November, 2005.


                   S/Jaime Pieras, Jr.
                    JAIME PIERAS, JR.
             U. S. SENIOR DISTRICT JUDGE