IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ISRAEL BENITEZ-GARCIA, et al., <br><br> Plaintiff <br><br> v. <br><br> ADALBERTO GONZALEZ-VEGA, et al., <br><br> Defendants | CIVIL NO. 04-1955 (JP) |

**FURTHER SCHEDULING CONFERENCE ORDER**

**I.  INTRODUCTION**:

The parties met with the Court on June 13, 2007, for a Further Scheduling Conference, represented by counsel: Michelle Rodríguez-Miranda, Esq. and José O. Vázquez-García, Esq., for the plaintiffs; Ludwig Ortiz-Belaval, Esq. for defendant Adalberto González-Vega; and Yadhira Ramírez-Toro, Esq. for the remaining defendants.

The following section, "Uncontroverted Facts of the Parties," lists in detail the facts of this case, while Sections III and IV gives the parties' allegations and theories of the case.

**II.  UNCONTROVERTED FACTS OF THE PARTIES**:

The following uncontested facts are hereby incorporated into this Order:

1. Israel Benítez-García and Damaris Díaz are the parents and legal custodian of their son, Israel Benítez-Díaz.

CIVIL NO. 04-1955 (JP)          -2-

2. Sonia Laguer-Morales is the mother and legal custodian of her minor daughter, Sonia I. Díaz-Laguer.

3. Esther Hernández-García is the mother and legal custodian of her minor daughter, Draska Machelli Casillas-Hernández.

4. Milagros Laboy is the mother and legal custodian of her minor daughter, Marie Ann González-Laboy.

5. Sonia Cruz-González is the mother and legal custodian of her minor son, Elvis Alexis Maldonado-Cruz.

6. Mary Luz Montañez-Serrán is the mother and legal custodian of her minor daughter, Lesly Ann Mendoza-Montañez.

7. Víctor Manuel Martínez-Torres is the father and legal custodian of his minor son, Víctor Rafael Martínez-Vega.

8. Ivette S. Duclerc is the mother and legal custodian of her minor son, Bernard A. Santiago-Duclerc.

9. Arlene J. Ruiz-Díaz is the mother and legal custodian of her minor daughter, Celeste Coral Santiago-Ruiz.

10. Jorge M. Jiménez-Martínez is the father and legal custodian of his minor son, Kryst M. Jiménez-Carrero.

11. Mr. Adalberto González-Vega is of legal age, a teacher by profession, and was employed by the Commonwealth of Puerto Rico as a mathematics teacher.

12. The Commonwealth of Puerto Rico is a juridical entity created by the Constitution of the Commonwealth of Puerto Rico.

CIVIL NO. 04-1955 (JP)            -3-

13. The Department of Education of the Commonwealth of Puerto Rico is a juridical entity created by statute under the Constitution of the Commonwealth of Puerto Rico.

14. Plaintiffs filed before the Commonwealth of Puerto Rico Court, Humacao Part, a petition for a writ and obtained a protective order against co-Defendant González and in favor of Plaintiffs.

15. At all times herein material, Plaintiffs were students enrolled and admitted to the Commonwealth of Puerto Rico Department of Education system in the Juan Ponce de León School, located in the Municipality of Humacao, Puerto Rico.

16. At all times herein material, Plaintiffs were students for the academic year 2003-2004 for the ninth (9th) and tenth (10th) grades in the Juan Ponce de León School, located in the Municipality of Humacao, Puerto Rico.

17. At all times herein material, Plaintiffs were students for the academic year 2003-2004 for the ninth (9th) and tenth (10th) grades in the Juan Ponce de León School, where they were enrolled in mathematics class under the tutelage as a teacher of co-Defendant Adalberto González-Vega.

CIVIL NO. 04-1955 (JP)             -4-

### III. PLAINTIFFS' ALLEGATIONS:

The plaintiffs were students in the 9th and 10th grade of the Juan Ponce de León high school in Humacao. Adalberto González-Vega was one of their teachers. The plaintiffs' allege that during the 2003-04 academic year González sexually harassed the students and some of their mothers, offering better grades and advancement of the students in exchange for sexual favors. He created a sexually charged atmosphere in the classroom, and referred to the student's private parts and made derogatory and sexually tainted remarks in class to the students. González retaliated against the students for filing the instant complaint by tampering with their grades.

### IV. DEFENDANTS' ALLEGATIONS:

Students complained about González, claiming he made comments about the students' lack of intelligence and inability to succeed in life. However, none of the students complained about sexual remarks until March 16, 2004, when they sought a protective order against González from the Court of First Instance, Humacao Part. As a result of plaintiffs' complaint, the Department of Education took immediate action, and on March 18, 2004, summarily dismissed González from his employment.

### V. CONTROVERTED FACTS AND ISSUES:

**A.   Whether González sexually harassed the plaintiffs.**

CIVIL NO. 04-1955 (JP)          -5-

    **B.   The amount of the plaintiffs' damages, if any.**

    **C.   Whether the defendants took corrective action immediately after learning of sexual harassment complaints against González.**

**VI.   PRELIMINARY ORDERS:**

    A.   On or before September 13, 2007, the plaintiffs must file with the Court the reports and *curricula vitae* of all of their expert witnesses.  If this deadline is not met with respect to an expert witness, that witness will not be permitted to testify.

    B.   On or before December 13, 2007, the defendants must file with the Court the reports and *curricula vitae* of all of its expert witnesses.  If this deadline is not met with respect to an expert witness, that witness will not be permitted to testify.

    C.   González's motion to vacate default entered against him (**No. 100**) is **GRANTED.**

    D.   The plaintiff students stipulate that they will consent to an independent psychological examination by the defendants' expert(s).

    E.   The defendants have retained Dr. Raúl López as an expert witness.  The Court orders that if the plaintiffs retain

CIVIL NO. 04-1955 (JP)           -6-

      an expert witness, that expert must not be associated with Dr. Raúl López.

  F.  On or before September 13, 2007 the plaintiffs must produce to the defendants the medical records of treatment the plaintiffs received due to acts alleged in the complaint. Failure to comply with this order will result in dismissal with prejudice of each plaintiff's case for which such medical records exist, and for which the deadline was not met.

## VII. **WITNESSES**:

  A.  Plaintiffs

      1.  Expert(s) identified in compliance with Preliminary Order A

      2.  Israel Benítez-García and Damaris Díaz, parents and legal custodians of their minor son, Israel Benítez-García.

      3.  Sonia Laguer-Morales, parent and legal custodian of her minor daughter, Sonia Díaz-Laguer.

      4.  Neftalí Carrasquillo-Carrasquillo and Carmen Milagros Amaral-López, parents and legal custodians of their minor daughter, Gianna Carrasquillo-Amaral.

CIVIL NO. 04-1955 (JP)          -7-

    5.    Esther Hernández-García, parent and legal custodian of her minor daughter, Draska Machelli Casillas-Hernández.

    6.    Nelson González and Milagros Laboy, parents and legal custodians of their minor daughter, Marie Ann González-Laboy.

    7.    Luis Janier Rosa-Dávila, parent and legal custodian of his minor daughter, Natalia Alisha Rosa-Nieves.

    8.    Sonia Cruz-González, parent and legal custodian of her minor son, Elvis Alexis Maldonado-Cruz.

    9.    Luis Mendoza-Rodríguez and Mary Luz Montañez-Serrán, parents and legal custodians of their minor daughter, Lesly Ann Mendoza-Montañez.

    10.    Víctor Manuel Martínez-Torres and Betty Vega-Rivera, parents and legal custodians of their minor son, Víctor Rafael Martínez-Vega.

    11.    Bernard Santiago and Ivette S. Duclerc, parents and legal custodians of their minor son, Bernard A. Santiago-Duclerc.

    12.    Luis Santiago-Torres and Arlene J. Ruiz-Díaz, parents and legal custodians of their minor daughter, Celeste Coral Santiago-Ruiz.

CIVIL NO. 04-1955 (JP)          -8-

        13. Eliudes Camps-Marcano and Marisol Hernández-Millán, parents and legal custodians of their minor daughter, Leishla M. Camps-Hernández.

        14. Jorge M. Jiménez and Frances Carrero-Román, parents and legal custodians of their minor son, Kryst M. Jiménez-Carrero.

        15. Larry M. Alicea, Licensed clinical social worker.

   B. Defendants

        1. Expert(s) identified in compliance with Preliminary Order B

        2. Nydia Vega-Cintrón

        3. Brenda Camacho

        4. Elvira Ortiz

No additional witnesses, including witnesses intended to be used solely for impeachment purposes, will be permitted to testify at trial because this will create undue prejudice to the opposing party. If any party wishes to use additional witnesses, it will be at the discretion of the Court. Parties that wish to admit the testimony of additional witnesses must file the following information with the Court on or before **January 30, 2008:** the name and address of the witness, a short statement as to the subject matter of their testimony, and proof that either the name of the witness or the relevance of the proposed testimony was not known at the time of this

CIVIL NO. 04-1955 (JP)            -9-

Further Scheduling Conference.  In the case of a proposed expert witness, the party requesting leave to amend the witness list must also provide the expert's report to the Court and to the defendant within two weeks of the request, which must include all the information specified in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure and all, if any, information requested in the Initial Scheduling Conference Call.  If any party decides not to use a witness listed herein at trial, the party must notify all other parties at least fifteen days before trial.  Failure to provide such notice may result in sanctions, including an instruction to the jury that it may presume that the party did not call the witness to testify at trial because the witness's testimony was adverse to its case.

     Noncompliance with this Order regarding additional witnesses will result in the witnesses not being permitted to testify at trial. The Court expressly reserves its decision as to whether the reasons provided constitute good cause shown to rebut its presumption that these witnesses should be excluded.  The party informing new witnesses must produce them at its own cost for depositions to be scheduled by the other party, to be taken within two weeks if the other party so desires.

CIVIL NO. 04-1955 (JP)          -10-

**VIII. <u>DOCUMENTARY EVIDENCE</u>:**

    A.   Plaintiffs

        1.   Documents listed in the plaintiffs' ISC Memorandum (No. 44)

    B.   Defendants

        1.   Documents listed in the defendants' ISC Memorandum (No. 50)

No other documents, including documents intended to be used solely for impeachment purposes, will be admitted without leave of Court. Parties that wish to admit documentary evidence not listed above must serve the document on all other parties and must file the following information with the Court on or before **January 30, 2008:** a description of the documentary evidence, the document's relevance to the case, and an explanation as to why the document's existence or materiality was not known at the time of the Further Scheduling Conference. The Court expressly reserves its decision as to whether any document not specifically listed in this Order will be admitted.

**IX.  <u>DISCOVERY</u>:**

The parties have agreed that they will conduct only the following discovery:

    1.   Depositions:

CIVIL NO. 04-1955 (JP)         -11-

       a.  Draska Machelli Casillas-Hernández - June 26, 2007 beginning at 9:30 a.m. at the Puerto Rico Department of Justice ("PRDOJ")

       b.  Natalia Alisha Rosa-Nieves - June 26, 2007 beginning at 1:30 p.m. at the PRDOJ

       c.  Nidia Vega - August 10, 2007 beginning at 9:30 a.m. at Miguel Maza & Associates

       d.  Brenda Camacho - August 10, 2007 beginning at 1:30 p.m. at Miguel Maza & Associates

       e.  Israel Benítez, Jr. - August 13, 2007 beginning at 9:30 a.m. at the PRDOJ

       f.  Elvis Alexis Maldonado-Cruz - August 13, 2007 beginning at 1:30 p.m. at the PRDOJ

       g.  Víctor Rafael Martínez-Vega - September 5, 2007 beginning at 9:30 a.m. at the PRDOJ

       h.  Bernard A. Santiago-Duclerc - September 5, 2007 beginning at 1:30 p.m. at the PRDOJ

       i.  Sonia Laguer - September 6, 2007 beginning at 9:30 a.m. at the PRDOJ

       j.  Esther Hernández - September 6, 2007 beginning at 1:30 p.m. at the PRDOJ

       k.  Adalberto González-Vega - September 7, 2007 beginning at 9:30 a.m. at Miguel Maza & Associates

CIVIL NO. 04-1955 (JP)           -12-

       l.    Elvira Ortiz - September 7, 2007 beginning at 1:30 p.m. at Miguel Maza & Associates

       m.    Luis Javier Rosado - September 10, 2007 beginning at 9:30 a.m. at the PRDOJ

       n.    Sonia Cruz - September 10, 2007 beginning at 1:30 p.m. at the PRDOJ

       o.    Israel Benítez - September 19, 2007 beginning at 9:30 a.m. at the PRDOJ

       p.    Damaris Díaz - September 19, 2007 beginning at 1:30 p.m. at the PRDOJ

       q.    Neftalí Carrasquillo - October 30, 2007 beginning at 9:30 a.m. at the PRDOJ

       r.    Carmen Amaral - October 30, 2007 beginning at 1:30 p.m. at the PRDOJ

       s.    Nelson González - October 31, 2007 beginning at 9:30 a.m. at the PRDOJ

       t.    Milagros Laboy - October 31, 2007 beginning at 1:30 p.m. at the PRDOJ

       u.    Luis Mendoza - November 7, 2007 beginning at 9:30 a.m. at the PRDOJ

       v.    Mary Luz Montañez - November 7, 2007 beginning at 1:30 p.m. at the PRDOJ

       w.    Víctor Martínez - November 14, 2007 beginning at 9:30 a.m. at the PRDOJ

CIVIL NO. 04-1955 (JP)        -13-

- x.  Betty Vega - November 14, 2007 beginning at 1:30 p.m. at the PRDOJ
- y.  Ivette Dulcet - November 27, 2007 beginning at 9:30 a.m. at the PRDOJ
- z.  Bernardo Santiago - November 27, 2007 beginning at 1:30 p.m. at the PRDOJ
- aa. Expert(s) identified in compliance with Preliminary Order A - November 29, 2007 beginning at 9:30 a.m. at the PRDOJ
- bb. Luis Santiago - December 5, 2007 beginning at 9:30 a.m. at the PRDOJ
- cc. Arlene Ruiz - December 5, 2007 beginning at 1:30 p.m. at the PRDOJ
- dd. Eliudes Camps - December 11, 2007 beginning at 9:30 a.m. at the PRDOJ
- ee. Marisol Hernández-Millán - December 11, 2007 beginning at 1:30 p.m. at the PRDOJ
- ff. Jorge Jiménez - December 27, 2007 beginning at 9:30 a.m. at the PRDOJ
- gg. Frances L. Carrero-Román - December 27, 2007 beginning at 1:30 p.m. at the PRDOJ
- hh. Expert(s) identified in compliance with Preliminary Order B - January 16, 2008 beginning at 9:00 a.m. at Miguel Maza & Associates

CIVIL NO. 04-1955 (JP)          -14-

All depositions are taken day-to-day until finished.  All the discovery the parties are to conduct has been scheduled herein with their knowledge and consent.  Unless the parties agree otherwise, depositions that begin in the morning shall break for lunch at 12:30 p.m. and shall resume at 1:30 p.m.  No further discovery will be conducted without leave of the Court.  If leave is granted, the rules as herein stated apply to this further discovery.  If any other judge schedules anything for the same date as any of the scheduled depositions, the attorney must inform that judge that the depositions in this case have already been scheduled by Order of this Court.  The Court includes this section as part of the foregoing Order after an attorney with this concern brought it to the Court's attention in De Jesús Colón, et al. v. Toledo Dávila, et al., Civ. No. 99-1511 (JP).

Any party requesting any document or further information during or as a result of a deposition must formalize the request in writing within seven days of the deposition and must file a copy with the Court.  The non-requesting party must comply with the request within fifteen days of the filing of the request.

**X.   DISPOSITIVE MOTIONS**:

The Court grants the parties until **February 19, 2008,** to file any and all dispositive motions.  If the non-moving party wishes to file an opposition, it must do so on or before **March 18, 2008. The Court warns the parties that it will not grant extensions of time to**

CIVIL NO. 04-1955 (JP)            -15-

**file a dispositive motion, extensions of time to oppose a dispositive motion, or extensions of time to file certified translations in support of or in opposition to dispositive motions. The Court will not grant leave to file replies or surreplies.** The parties must serve the Court with a courtesy paper copy of their dispositive motions, together with all their attachments on the date they are filed. Non-compliance with any Order herein may result in the imposition of sanctions on the non-complying party, attorney, or both, and may include a fine, or the elimination of any of the allegations of the complaint, the answer, or any pleading.

**The Court also warns the parties that they must strictly comply with Rule 56 of the Federal Rules of Civil Procedure and Rule 56 of the Local Rules for the United States District Court for the District of Puerto Rico. If a party opposing a motion for summary judgment fails to comply with the requirements of Local Rule 56(c), the Court will deem admitted all properly supported facts proposed by the moving party.**

**In the event that a motion for summary judgment is filed and the case is not fully adjudicated on the motion for summary judgment, the Court will exercise its discretion under Rule 56(d) of the Federal Rules of Civil Procedure to determine the facts which are not in substantial controversy. The Court's determinations of the facts**

CIVIL NO. 04-1955 (JP)          -16-

**which are not in substantial controversy will be listed in its "Opinion and Order" adjudicating the motion for summary judgment, and the "Opinion and Order" will constitute an order under Rule 56(d) of the Federal Rules of Civil Procedure. These facts, and the facts listed in Part II of this Order, will form a list of uncontested facts that will be given to the jury. The jury will be instructed that the facts are uncontested, and that they should disregard contradicting testimony.**

**Rule 56 of the Federal Rules of Civil Procedure and Rule 56 of the Local Rules for the United States District Court for the District of Puerto Rico are important tools in the Court's efforts to ensure judicial economy. Parties ignore these requirements at their peril.**

**XI.  SCHEDULE WITH THE COURT:**

Pretrial is **SET** for **May 27, 2008, at 2:00 p.m.** While at the Pretrial Conference, the attorneys are ordered to have their clients available by phone, under penalty of fine. Trial is **SET** for **June 3, 2008, at 9:30 a.m.** On or before **May 20, 2008,** the parties must (1) meet and mark for identification all exhibits to be offered at trial, (2) file proposed jury instructions with citations to supporting authority, proposed verdict form, and proposed voir dire, if a jury trial is scheduled herein, (3) file a joint pre-trial memorandum pursuant to Local Rules for the United States District

CIVIL NO. 04-1955 (JP)              -17-

Court for the District of Puerto Rico, and (4) notify the Court in writing whether any witnesses will require the assistance of an interpreter.  Failure to comply with this Order is at the risk of the proponent of the evidence not submitted in accordance with the above requirements.

The dates specified herein were agreed to or otherwise ordered by the Court at the Further Scheduling Conference and the parties have been informed by the Court that they have to comply with the schedule regardless of the fact that this Order, in its written form, may not be entered before the deadline for compliance.  These dates must not be changed.  If a party or parties change the dates ordered herein, the change is at the risk of the party or parties interested in the information, and the Court will not alter the later deadlines or schedules in the litigation.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of June, 2007.

                 s/Jaime Pieras, Jr.
                  JAIME PIERAS, JR.
              U.S. SENIOR DISTRICT JUDGE